In re Clarence Alfred HILL, Jr., and Lillian Hill, Otto John Hayman, III aka Otto Hayman and Marlene Hayman, aka Marlene Harris, Marion C. Willis and Myrtle Willis, Debtors.

Bankruptcy Nos. 579–935, 579–1036 and 579–1140.
Adversary No. 580–0065.

United States Bankruptcy Court, N. D. Ohio.

May 21, 1980.

Paul Mellion, Akron, Ohio, for Otto and Marlene Hayman.

Kathryn Belfance, Akron, Ohio, trustee for Otto and Marlene Hayman; Marion C. Willis and Myrtle Willis.

Stanley Migdal, Akron, Ohio, for Avco Financial Services of Ohio (No. 579–1036; No. 579–1140; Adversary No. 580–0065).

Carl Hirsch, Barberton, Ohio, for Marion Willis, Myrtle Willis, Clarence Alfred Hill, Jr., and Lillian Hill.

Harold Corzin, Akron, Ohio, trustee for Clarence Alfred Hill, Jr., and Lillian Hill.

George Manos and Robert C. Hunt, Akron, Ohio, for U. S. Life Credit (No. 579–935).

## FINDING AS TO AVOIDANCE OF LIENS

H. F. WHITE, Bankruptcy Judge.

Debtors, domiciled for more than 180 days in Ohio, have filed petitions under Chapter 7 of the Bankruptcy Code, and in the course of the Chapter 7 proceedings, have filed applications to avoid judicial liens and nonpossessory, nonpurchase money security interests of their creditors pursuant to 11 U.S.C. Section 522(f) to the extent that these liens impair exemptions the debtors are entitled to under Ohio Rev.Code Ann. Section 2329.66.

In all cases, the exemption claimed to be impaired is the exemption on household furnishings and household goods under Ohio Rev.Code Ann. Section 2329.66(A)(4)(b).

In all cases, the creditors admit that the security interest they hold on the debtors' household goods and furnishings are nonpossessory, nonpurchase-money security interests.

## SUMMARY OF FACTS

1. In Re: Hill—Case No. 579–935. Debtors, husband and wife, filed an application to avoid the nonpurchase-money security of U.S. Life Credit on the debtor's household goods and furniture. The debtors claimed their household goods and furniture exempt in the amount of $1,750.00. Pursuant to Ohio Rev.Code Ann. Section 2329.-66(A)(4)(d), since a homestead exemption was claimed under Ohio Rev.Code Ann. Section 2329.66(A)(1), the total exemption claimed under Ohio Rev.Code Ann. 2329.-66(A)(4)(b) (Household Goods) is not to exceed $1,500.00. However, the debtors herein filed a joint petition and each of the debtors is entitled to claim his/her exemptions individually. 11 U.S.C. Section 522(m). The amount of the exemptions has been allowed.

U.S. Life Credit filed a secured claim in the amount of $3,547.43.

2. In Re: Hayman—Case No. 579–1036, Adversary Case No. 580–0065. Debtors, husband and wife, filed an application to avoid the nonpurchase-money security interest of Avco Financial Services of Ohio, Inc. on the debtors' household goods and furniture. The debtors claimed their household goods and furniture exempt in the amount of $1,500.00.

Avco has not as yet filed a proof of claim but is listed in the debtors' schedules as having an unsecured claim in the amount of $3,212.57. The amount of the exemption has been allowed.

3. In Re: Willis—Case No. 579–1140. Debtors, husband and wife, filed an application to avoid the nonpurchase-money security interest of Avco Financial Services on the debtors' household goods and furniture. The debtors claimed their household goods and furniture exempt in the amount of $1,245.00. The amount of the exemption has been allowed.

Avco has not as yet filed a proof of claim but is listed in the debtors' schedules as having an unsecured claim in the amount of $2,990.34.

## ISSUE

The issue is whether the debtors can avoid judicial liens and nonpossessory, non-purchase-money security interests on certain household and personal goods that impair exemptions to which the debtors are entitled pursuant to 11 U.S.C. Section 522(f) notwithstanding Ohio Rev.Code Ann. Section 2329.661(c).

## DISCUSSIONS OF LAW

11 U.S.C. Section 522(f) provides:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or

the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

Subsection (b) of 11 U.S.C. Section 522 gives the debtor a choice of exempting from property of the estate either (1) property that is specified under subsection (d) of 11 U.S.C. Section 522, unless the State law of the State in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition specifically does not so authorize; or (2) any property that is exempt under Federal law, other than 11 U.S.C. Section 522(d), or under State law of the State in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition.

The General Assembly of the State of Ohio "opted out" of the Federal exemptions under 11 U.S.C. Section 522(d) by enacting Ohio Revised Code Section 2329.662. Section 2329.662 of the Ohio Revised Code provides that:

Pursuant to the "Bankruptcy Reform Act of 1978", 92 Stat. 2549, 11 U.S.C.A. 522(b)(1), this state specifically does not authorize debtors who are domiciled in this state to exempt property specified in the "Bankruptcy Reform Act of 1978". 92 Stat. 2549, 11 U.S.C.A. 522(d).

Thus, a debtor domiciled in Ohio may only exempt from property of his estate property that is specified under Ohio Revised Code Section 2329.66.

Ohio Revised Code Section 2329.-66(A)(4)(b) entitles the debtor to hold exempt:

. . . the person's interest, not to exceed two hundred dollars in any particular item, in household furnishings, household goods, appliances, . . ., that are held primarily for the personal, family, or household use of the person.

Ohio Revised Code Section 2329.661(C) provides that:

Section 2329.66 of the Revised Code does not affect or invalidate any sale, contract

of sale, conditional sale, security interest, or pledge of any personal property, or any lien created thereby.

Debtors claimed their exemptions under O.R.C. 2329.66 and are attempting to avoid the nonpurchase-money security interests of their creditors pursuant to 11 U.S.C. Section 522(f). This contradicts the language of O.R.C. 2329.661(C). However it will be shown that the Federal bankruptcy statute, 11 U.S.C. Section 522(f) is superior to the state exemption statute, O.R.C. 2329.661(C).

The power to legislate on the subject of bankruptcies is conferred expressly upon Congress by the Constitution of the United States. Article I, Section 8, clause 4 of the United States Constitution provides: "The Congress shall have power . . . to [make] . . . uniform laws on the subject of Bankruptcies throughout the United States." In addition to this express grant, there is the general grant of power under Article I, Section 8, clause 18 that: "The Congress shall have [the] power . . . to make all laws which shall be necessary and proper for carrying into Execution the foregoing Powers . . .".

■ The uniformity which is required by the Constitution relates to the law itself and not to its results upon the varying rights of debtor and creditor under the laws of the several states. *Thomas v. Woods*, 173 F. 585 (8th Cir. 1909).

■ Absolute uniformity in the application of the Bankruptcy Act is impossible, since Congress cannot create uniform conditions and circumstances in the various states of the Union. *Thomas, supra.* Thus, the recognition of state laws as determinative of dower rights, liens, priorities, and exemptions, does not render the Bankruptcy Act unconstitutional as lacking in uniformity, although the result of such recognition is that the Act does not operate with the same results in all states. *Stellwagen v. Clum*, 245 U.S. 605 at 613, 38 S.Ct. 215 at 217, 62 L.Ed. 507 (1918).

■ The grant of power to Congress to legislate on the subject of bankruptcies includes the power to impair the obligations of contracts notwithstanding the individual states are forbidden to do so. *Hanover National Bank v. Moyses*, 186 U.S. 181 at 188, 22 S.Ct. 857 at 860, 46 L.Ed. 1113 (1902). Article I, Section 10 of the Constitution of the United States which prohibits any state from passing a law which impairs the obligations of contracts, is in its terms, a limitation on the powers of the states only. *Louisville Joint Stock Land Bank v. Radford*, 74 F.2d 576 at 580 (6th Cir. 1935).

■ The Constitutional provision conferring upon Congress the power to legislate on the subject of bankruptcies is read into contracts as constituting a part thereof. *Wright v. Union Central Life Ins. Co.*, 304 U.S. 502 at 516, 58 S.Ct. 1025 at 1033, 82 L.Ed. 1490 (1938). A mortgagee's rights are at all times subject to bankruptcy legislation by Congress affecting the creditor's remedy against the debtor's assets or the measure of the creditor's participation therein provided only that the bankruptcy provisions are consonant with fair, reasonable, and equitable distribution of the assets. *Re Chicago, R. I. & P. R. Co.*, 90 F.2d 312 at 316 (7th Cir. 1937).

■ The power of Congress to establish bankruptcy laws is subject to the due process clause of the Fifth Amendment to the United States Constitution. The Fifth Amendment protects "vested" property rights. Since any exercise of the bankruptcy power impairs the obligation of contracts, such impairment is not to be taken as in itself a denial of due process, and statutes dealing with bankruptcy matters are, as a general rule, sustained on the ground that they affect the remedy, and not vested rights. *Wright v. Vinton Mountain Trust Bank*, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736 (1937); *Tepper v. Chichester*, 285 F.2d 309 (9th Cir. 1961); *Re Inland Dredging Corp.*, 61 F.2d 765 (2nd Cir. 1932).

■ The due process clause does not prohibit bankruptcy legislation affecting the creditor's remedy for its enforcement against the debtor's assets, or the measure of the creditor's participation therein, if the statutory provisions are consonant with a

fair, reasonable, and equitable distribution of those assets. *Kuehner v. Irving Trust Co.*, 299 U.S. 445 at 452, 57 S.Ct. 298 at 301, 81 L.Ed. 340 (1937). For the provisions of the Bankruptcy Act to violate the Fifth Amendment they must be so grossly arbitrary and unreasonable as to be incompatible with fundamental law. *Hanover*, supra, 186 U.S. at 192, 22 S.Ct. at 862; See also: *Campbell v. Alleghany Corp.*, 75 F.2d 947 at 953 (4th Cir. 1935).

██ The avoiding power of the debtor under 11 U.S.C. Section 522(f) only reaches judicial liens on any exempt property and nonpossessory, nonpurchase-money security interests on certain household and personal goods to the extent that an exemption is impaired.

The Bankruptcy Code defines a judicial lien as a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding. 11 U.S.C. Section 101(27). There are two types of security interests under the Uniform Commercial Code and under Ohio law: (1) a purchase money security interest, and (2) a nonpurchase-money security interest. A purchase money security interest is a security interest which is taken or retained by the seller of the collateral to secure all of (or) part of its price; or is taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or to the use of collateral if such value is in fact so used. Ohio Rev.Code Ann. Section 1309.05.

Under Ohio Rev.Code Ann. 1309.21(A)(4) a purchase money security interest in consumer goods is automatically perfected and under Ohio Rev.Code Ann. Section 1309.-31(D) takes priority over other security interests.

Purchase money security interests are protected by statute because of the strong connection between the lending of money by the creditor and the transfer of goods to the debtor. This connection does not exist in the nonpurchase money security interest situation where the creditor takes a security interest in all household goods the debtor already has rights in, to secure the payment of a loan.

██ Congress enacted 11 U.S.C. Section 522(f) to protect the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. H.R.Rep.No.95–595, 95th Cong., 1st Sess. 362 (1977); S.Rep.No.95–989, 95th Cong., 2nd Sess. 76 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787. Congress looked to the practice of creditors with judicial liens and nonpurchase money security interests under the Bankruptcy Act and concluded that these creditors had an unfair advantage over the debtor. Congress intended that the debtor use the avoiding power under Section 522(f) of the Bankruptcy Code, to eliminate this unfair advantage. The purpose of Section 522(f) of the Bankruptcy Code is stated in the following excerpt from the House of Representatives Report:

In addition, the bill gives the debtor certain rights not available under current law with respect to exempt property. The debtor may void any judicial lien on exempt property, and any nonpurchase money security interest in certain exempt property such as household goods. The first right allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor.

If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions. The second right will be of more significance for the average consumer debtor. Frequently, creditors lending money to a consumer debtor take a security interest in all of the debtor's belongings and obtain a waiver by the debtor of his exemptions. In most of these cases, the debtor is unaware of the consequences of the forms he signs. The creditor's experience provides him with a substantial advantage. If the debtor encounters financial difficulty, creditors often use threats of repossession of all the debtor's household goods as a means of obtaining payment.

In fact, were the creditor to carry through on his threat and foreclose on the

property, he would receive little, for household goods have little resale value. They are far more valuable to the creditor in the debtor's hands, for they provide a credible basis for the threat, because the replacement costs of the goods are generally high. The creditors rarely repossess, and debtors, ignorant of the creditors' true intentions, are coerced into payments they simply cannot afford to make.

The exemption provision allows the debtor, after bankruptcy has been filed, and creditor collection techniques have been stayed, to undo the consequences of a contract of adhesion, signed in ignorance, by permitting the invalidation of nonpurchase money security interests in household goods. Such security interests have too often been used by over-reaching creditors. The bill eliminates any unfair advantage creditors have. *H.Rep. No.95–595*, 95th Cong., 1st Sess. 126–27 (1977), U.S.Code Cong. & Admin.News 1978, 6087–6088.

The Commission on the Bankruptcy Laws of the United States, which studied the practice of bankruptcy under the Bankruptcy Act and proposed many of the new provisions of the Bankruptcy Code, stated in its report to Congress that:

Subdivision (f) avoids one of the means by which the policy of Section 6 of the Act (the exemption section) was frustrated. Exemptions under this section cannot be affected by judicial liens or agreements other than an indefeasible security agreement. *H.R.Doc.No.93–137*, 93d Cong., 1st Sess. Pt. II (1973).

▉▉▉▉ Subsection (f) (of 11 U.S.C. Section 522) grants this avoiding power with regard to any exemption allowed under subsection (b) (of 11 U.S.C. Section 522) including the state option. If a state opts out of the federal exemption, it does not affect the debtor's power under subsection (f). *3 Collier on Bankruptcy*, Section 522.29 (15th Ed. 1979). Thus, although Ohio opted out of the federal exemptions under 11 U.S.C. Section 522(d), the exemptions claimed by an Ohio debtor under Ohio Rev.Code Ann.

2329.66 are still protected by the debtor's ability under 11 U.S.C. Section 522(f) to avoid judgment liens and nonpossessory, nonpurchase-money security interests in certain household and personal goods to the extent of the exemptions allowable in the absence of such liens under Ohio Rev.Code Ann. 2329.66.

▉▉▉▉ Pursuant to the supremacy clause, Article VI, clause 2 of the United States Constitution, any state legislation which frustrates the full effectiveness of federal law is rendered invalid. *Perez v. Campbell*, 402 U.S. 637 at 652, 91 S.Ct. 1704 at 1712, 29 L.Ed.2d 233 (1971); See: *Moore v. Bay*, 284 U.S. 4 at 5, 52 S.Ct. 3 at 3, 76 L.Ed. 133 (1931); *Globe Bank v. Martin*, 236 U.S. 288 at 298, 35 S.Ct. 377 at 380, 59 L.Ed. 583 (1914).

▉▉▉▉ Subject to the general limitation on state powers as the prohibition against impairing the obligations of contracts, a state may pass and enforce insolvency and even "bankruptcy" laws, binding upon persons and property within its jurisdiction, whenever there is no act of Congress extant with which the state laws would conflict. *Int'l Shoe Co., v. Pinkus*, 278 U.S. 261 at 263–64, 49 S.Ct. 108 at 109–10, 73 L.Ed. 318 (1928).

▉▉▉▉ Ohio Rev.Code Ann. Section 2339.-661(C) which provides that the Ohio exemptions do not invalidate any security interests is in conformance with this constitutional prohibition against any state law impairing the obligation of contracts. However, Ohio Rev.Code Ann. Section 2329.-661(C) is in direct conflict with 11 U.S.C. Section 522(f) and the act of Congress prevails over the conflicting state law.

## CONCLUSION

▉▉▉▉ Therefore, it is the conclusion of the court that when debtors in Ohio claim exemptions under Ohio Rev.Code Ann. 2329.66 the debtors are entitled to avoid judicial liens and nonpurchase-money security interests on household and personal goods to the extent of the exemptions allowed under Ohio Rev.Code Ann. 2329.66 in the absence of such liens.