In the Matter of Ronald Keith STORER, and Nola Renae Storer, Debtors.

Ronald Keith STORER, et ux., Plaintiffs,

v.

THORP CREDIT INC. OF OHIO, Defendant.

Bankruptcy No. 380–00112.

Adv. No. 3–80–0047.

United States Bankruptcy Court, S. D. Ohio, W. D.

Nov. 26, 1980.

Milton L. Sprowl, Dayton, Ohio, for plaintiffs.

Richard S. Sutton, Dayton, Ohio, for defendant.

ELLIS W. KERR, Bankruptcy Judge.

### FACTS

Findings by the Court not necessary. Facts are stipulated. They are:

This case was commenced by the filing on January 18, 1980, of a voluntary petition for relief by debtors under Chapter 7 of Title 11 of the United States Code.

This complaint is filed by the debtors under 11 U.S.C. Section 522(f) to avoid a non-possessory, non-purchase-money security interest in household and personal goods.

On or about October 15, 1979, debtors obtained a loan designated account number 32507–6 from the defendant. As security for such loan, the defendant insisted upon and debtors executed a security agreement granting to the defendant a security interest in and to debtors property consisting of the following chattels: 1 metal 5 pc. dinette set; 1 metal 6 pc. dining room set; 1 color Sylvania portable T.V. set; 1 pc. maple bedroom set (full size bed and dresser); 1–2pc. bedroom set (single bed and dresser), which goods are held primarily for family, household and personal use of the debtors and their dependents.

The security interest of the defendant in the above-mentioned items is a nonpossessory, nonpurchase-money security interest.

Defendant has a valid security interest and lien on the personal property described in the complaint.

### ISSUES

There is only one issue:

The sole issue for determination is whether the lien created by defendant's security

agreement under Ohio law will prevail in light of the lien avoidance provisions of the Federal Bankruptcy Act.

## APPLICABLE LAW

No case law is cited by either Plaintiffs or Defendant.

## RELEVANT STATUTES

11 U.S.C. § 522(f):

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing-apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; . . . ."

11 U.S.C. § 522(b):

"(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law."

Ohio Revised Code Section 2329.66(A)(4):

"(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(4)(B) Subject to division (A)(4)(D) of this section, the person's interest, not to exceed two hundred dollars in any particular item, in household furnishings, household goods, appliances, books, animals, crops, musical instruments, firearms, and hunting and fishing equipment, that are held."

O.R.C. 2329.661(C):

"(C) Section 2329.66 of the Revised Code does not affect or invalidate any sale, contract of sale, conditional sale, security interest, or pledge of any personal property, or any lien created thereby."

Because the Bankruptcy Code is comparatively new the reported cases are those of only Bankruptcy Judges. We have found no applicable cases from higher Courts.

There is a conflict in the decisions of Bankruptcy Judges.

There is no question of the right of Ohio to make effective Ohio exemptions rather than those provided for in the Bankruptcy Code nor of the application of O.R.C. 2329.-661(C) to prevent invalidation of a security interest in litigation in Ohio Courts. But there is nothing in the Bankruptcy Code which authorizes a state to pass a law such as O.R.C. 2329.661(3)(c) which would be effective in bankruptcy to defeat the purpose of 11 U.S.C. § 522(f).

Examination of the legislative history best reveals the intent of Congress.

In reports of the commission on the Bankruptcy laws of the United States it is stated:

At page 169, H.R.Doc.No.93–137, Part I, 93d Cong., 1st Sess. (1973):

"The Commission is also of the opinion that non-purchase-money security interest should not be enforceable as to items of property essential to a debtor's well-being, such as wearing apparel, which are of little or no value to a creditor, other than as a means of coercing payment."

At page 173:

"The Commission recommends that the federal exemption policy not be frustrated by consensual waivers. A creditor should be allowed to prevail over the allowable exemptions only if security is taken. What is often an unknowing or uninformed surrender of exemptions rights should no longer be countenanced under the federal bankruptcy law. And in recognition of the possibility that creditors will simply obtain security, both as to existing and after-acquired assets, rather than rely on waivers, the Commission recommends that nonpurchase-money security interest in wearing apparel, household goods and health aids be unenforceable against property allowed to the debtor as exempt."

At page 126 of House Report No.95–595, 95th Cong., 1st Sess. (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6087:

"... the bill gives the debtor certain rights not available under current law with respect to exempt property. The debtor may void any judicial lien on exempt property, and any non-purchase money security interest in certain exempt property such as household goods. The first right allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions. The second right will be of more significance for the average consumer debtor. Frequently, creditors lending money to a consumer debtor take a security interest in all of the debtor's belongings, and obtain a waiver by the debtor of his exemptions. In most of these cases, the debtor is unaware of the consequences of the forms he signs. The creditor's experience provides him with a substantial advantage. If the debtor encounters financial difficulty, creditors often use threats of repossession of all of the debtor's household goods as a means of obtaining payment.

The exemption provision allows the debtor, after bankruptcy has been filed, and creditor collection techniques have been stayed, to undo the consequences of a contract of adhesion, signed in ignorance, by permitting the invalidation of nonpurchase money security interest in household goods. Such security interests have too often been used by over-reaching creditors. The bill eliminates any unfair advantage creditors have."

This Court is of the opinion that these reports indicate a clear intent on the part of Congress to enable any debtor in the United States to amend liens as provided in 11 U.S.C. § 522(f); that it was not intended that a debtor in one state could be deprived of this right by action of a state legislature.

We are of the further opinion that a distinction should be drawn between an "exemption" and the "operation of liens upon an exemption"; that as to the former Ohio exemption laws apply but as to the later no state can pass a law to be effective in bankruptcy to deprive a debtor of the right to avoid a lien as authorized by the Bankruptcy Code.

In a well reasoned unreported decision (*Re Whissel*, Cincinnati Case 1–79–02248) Bankruptcy Judge Perlman commented

"Because Congress in Article I Section 8 of the U. S. Constitution is empowered to establish 'uniform Laws on the subject of Bankruptcy throughout the United States', 11 U.S.C. § 522(f) applies throughout the United States including in Ohio, unless somehow Congress has expressed an intent to avoid that result. Since it is the position of the objector that liens respecting exempt property cannot be avoided in Ohio, it must be its position in the alternative, that (a) Congress gave Ohio the power to nullify § 522(f), or (b) under Ohio law, property

subject to a security interest is not exempt property."

We agree with Judge Perlman's conclusions that it cannot be seriously agreed that Congress gave Ohio the power to nullify 522(f) and that exemptions subsist notwithstanding security interests which in bankruptcy may be avoided.

*In Re Panesky*, (N.D.Ohio) Vol. 1, No. 9 O.D. Court Review page 38 supports the position of the Defendant. However, it is our opinion that cases which support the position of the Plaintiffs correctly state the law to be followed. Two of the best of such cases are *In Re Hill*, (Bkrtcy.N.D.Ohio) 4 B.R. 310, 6 B.C.D. 307 and in *In Re Cox*, (Bkrtcy.S.D.Ohio—Dayton—opinion by Judge Anderson) 4 B.R. 240, 6 B.C.D. 434.

Without burdening this opinion with what would merely be duplication of comment the following are emphasized.

In the *Hill* case: 4 B.R. 310, 6 B.C.D. at page 308—

"Debtors claimed their exemptions under O.R.C. 2329.66 and are attempting to avoid the nonpurchase-money security interests of their creditors pursuant to 11 U.S.C. Section 522(f). This contradicts the language of O.R.C. 2329.661(C). However it will be shown that the Federal bankruptcy statute, 11 U.S.C. Section 522(f) is superior to the state exemption statute, O.R.C. 2329.661(C).

The power to legislate on the subject of bankruptcies is conferred expressly upon Congress by the Constitution of the United States. Article I Section 8, clause 5 of the United States Constitution provides: 'The Congress shall have power . . . . to make uniform laws on the subject of Bankruptcies throughout the land.' In addition to this express grant, there is the general grant of power under Article I, Section 4, Clause 18 that: 'The Congress shall have the power . . . to make all laws which are necessary and proper for carrying into Execution the foregoing powers . . .'

The uniformity which is required by the Constitution relates to the law itself and not to its results upon the varying rights of debtor and creditor under the laws of the several states. *Thomas v. Woode* [*Woods*], 173 F. 585 (8th Cir. 1909)."

4 B.R. 310, 6 B.C.D. at page 310—

"Subject to the general limitation on state powers as the prohibition against impairing the obligations of contracts, a state may pass and enforce insolvency and even 'bankruptcy' laws, binding upon persons and property within its jurisdiction, whenever there is no act of Congress extant with which the state laws would conflict. *Int'l Shoe Co. v. Pinkus*, 278 U.S. 261 at 263–64 [49 S.Ct. 108 at 109–10, 73 L.Ed. 318] (1928).

Ohio Rev.Code Ann. section 2329.661(C) which provides that the Ohio exemptions do not invalidate any security interests is in conformance with this constitutional prohibition against any state law impairing the obligation of contracts. However, Ohio Rev.Code Ann. Section 2329.661(C) is in direct conflict with 11 U.S.C. section 522(f) and the act of Congress prevails over the conflicting state law."

In the *Cox* case:

At page 435:

"No specific wording in the Bankruptcy Code authorizes States to limit exemption entitlements to those not affecting or invalidating a security interest, as Ohio has done by enacting Ohio Revised Code Section 2329.661(3)(c). No authority can be found which would allow States to deny debtors the availability of Subsection 522(f) to avoid the fixing of certain liens. Also, nothing can be found in the Congressional legislative history that would lend support to implying the existence of any authority for either type of State law.

The logical conclusion which follows is that Congress provided the authority stated in Subsection 522(b) to allow States to select exemption listings, and would have specifically included any further authority if intended."

## CONCLUSIONS

Exemptions to which Plaintiffs are entitled are determined by Ohio law.

An act of Congress is paramount to a conflicting state law.

Ohio Revised Code 2329.661(C) is in conflict with 11 U.S.C. 522(f), therefore the latter prevails over the former.

The Plaintiffs are entitled to the relief sought, the avoidance of lien.

Separate judgment Order will be approved.