**In re William E. PADEN and Gail Paden, Debtors.**

**William PADEN and Gail Paden, Plaintiffs,**

**v.**

**G.E.C.C. CONSUMER DISCOUNT COMPANY, INC., Defendant.**

**Bankruptcy No. 80–00144G.
Adv. No. 80–0598G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

April 1, 1981.

Lawrence S. Rubin, Media, Pa., for debtors/plaintiffs William E. Paden and Gail Paden.

Norman M. Yoffe, Harrisburg, Pa., for defendant, G.E.C.C. Consumer Discount, Inc.

Margaret Graham, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether the application of § 522(f)(2) of the Bankruptcy Code ("the Code") to avoid a nonpossessory, non-purchase-money security interest in household goods which was created prior to the enactment of the Code is an unconstitutional deprivation of a property right of the creditor. We conclude that it is not.

The facts of the instant case are as follows:[1] In September, 1977, William and Gail Paden ("the debtors") obtained a loan from G.E.C.C. Consumer Discount Company, Inc. ("G.E.C.C."). In exchange therefor, the debtors granted to G.E.C.C. a nonpossessory, nonpurchase-money security interest in various household goods.

On January 24, 1980, the debtors filed a petition for an adjustment of their debts under chapter 13 of the Code. Therein, they listed all of their household goods as exempt under § 522(d)(3) of the Code.[2] Subsequently, the debtors filed a complaint to avoid the lien of G.E.C.C. in those goods under § 522(f)(2),[3] asserting that that lien impairs their exemption in those goods. G.E.C.C. admits that its lien impairs the debtors' exemption but asserts that the application of § 522(f)(2) to its lien, which was created prior to the enactment date of the Code, would be a violation of the due process clause of the Fifth Amendment to the United States Constitution.

The due process clause provides: "No person ... shall ... be deprived of life, liberty or property without due process of law." U.S.Const. Amend. V. G.E.C.C. argues that the retroactive avoidance of its lien under § 522(f)(2) deprives it of its property without due process.

■ Congress is given the power to establish uniform laws on bankruptcy by the Constitution. U.S.Const. Art. I, § 8, cl. 4. Congress is further given the power "To make all laws which shall be necessary and proper for carrying into execution the foregoing powers." Id. at cl. 18. As a result of the broad powers of Congress, there is a presumption that legislation passed by Congress within its above powers is constitutional and the burden of proving its unconstitutionality is on the one asserting the unconstitutionality.[4]

■ Many courts have addressed the issue of the constitutionality of § 522(f)(1) and (2), with varied results.[5] After consid-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Section 522(d)(3) provides in pertinent part:
    (d) The following property may be exempted under subsection (b)(1) of this section:
    \* \* \* \* \* \*
    (3) The debtor's interest, not to exceed $200 in value in any particular item, in household furnishings, household goods ....
    11 U.S.C. § 522(d)(3).

3. Section 522(f)(2) provides in pertinent part:
    (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
    \* \* \* \* \* \*
    (2) a nonpossessory, nonpurchase-money security interest in any—
    (A) household furnishings, household goods ....
    11 U.S.C. § 522(f)(2).

4. *See Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976) in which the United States Supreme Court held that:
    It is by now well established that legislative Acts adjusting burdens and benefits of economic life come to the Court with a presumption of constitutionality, and that a burden is on the one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way. *Id.* at 15, 96 S.Ct. at 2892.

5. Cases in which bankruptcy courts have found § 522(f)(1) and (2) constitutional include: *In re Ashe*, 10 B.R. 97, Bankr. No. 1–79–00882 (Bkrtcy, M.D.Pa., filed March 11, 1981); *In re Sweeney*, 7 B.R. 814 (Bkrtcy, E.D.Wisc.1980); *In re Joyner*, 7 B.R. 596 (Bkrtcy, M.D.Ga.1980); *In re Goodrich*, 7 B.R. 590 (Bkrtcy, S.D.Ohio 1980); *In re Augustine*, 7 B.R. 565 (Bkrtcy, W.D.Pa.1980); *In re Brown*, 7 B.R. 264 (Bkrtcy, N.D.Tex.1980); *In re Middleton*, 7 B.R. 3 (Bkrtcy, N.D.Ga.1980); *In re Hill*, 4 B.R. 310 (Bkrtcy, N.D.Ohio 1980); *In re Baker*, 6 B.C.D. 747, 5 B.R. 397, 2 C.B.C.2d 844 (Bkrtcy, W.D.

eration of the issue, we conclude that § 522(f)(2) is constitutional and may be applied to avoid the lien of G.E.C.C. on the household goods claimed as exempt by the debtors.

■ Preliminarily, we deduce that it was the intent of Congress that § 522(f)(2) be applied retroactively to affect liens which were perfected prior to the enactment date of the Code because § 403(a) of The Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2683 (1978) provides that:

(a) A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if the Act had not been enacted.

Hence, only cases commenced prior to the effective date of the Code (October 1, 1979) are governed by the provisions of the former Bankruptcy Act ("the Act"). For all other purposes, the Act is repealed. Thus,

in cases filed *after* October 1, 1979, if Congress did not intend the provisions of the Code to apply to security interests or liens perfected prior to that date, there would be no bankruptcy law in effect to deal with those interests. Consequently, we infer that Congress intended the provisions of the Code, namely § 522(f), to apply to such security interests and liens.[6]

■ The purpose of Congress in enacting § 522(f)(2), and in providing for its retroactive application, was to give the debtor a fresh start and to protect the debtor and his family from the unfair advantage which it found many creditors had over the debtor. Congress concluded that frequently creditors lending money to a consumer debtor took a security interest in all of the debtor's household goods. Their purpose in doing so, Congress found, was not to have property against which to execute in the event the debtor would default, but to be able to threaten the debtor with an execution in order to obtain repayment. The legislative history which accompanied the passage of the Code bears clear testimony that it was such harassment that Congress meant to stop with § 522(f)(2).[7]

Mo.1980); *In re Steinart*, 6 B.C.D. 623, 4 B.R. 354, 2 C.B.C.2d 166 (Bkrtcy. W.D.La.1980); *In re Ambrose*, 6 B.C.D. 454, 4 B.R. 395 (Bkrtcy, N.D.Ohio 1980); *In re Boulton*, 6 B.C.D. 233, 4 B.R. 498 (Bkrtcy, S.D.Iowa 1980). Cases in which bankruptcy courts have found that section unconstitutional include: *In re Oldham*, 7 B.R. 124 (Bkrtcy, D.N.M.1980); *In re Jackson*, 6 B.C.D. 612, 4 B.R. 293, 2 C.B.C.2d 91 (Bkrtcy, D.Colo.1980); *In re Pierce*, 6 B.C.D. 484, 4 B.R. 671 (Bkrtcy, W.D.Okl.1980); *In re Lucero*, 6 B.C.D. 477, 4 B.R. 659, 2 C.B.C.2d 532 (Bkrtcy, D.Colo.1980); *In re Hawley*, 6 B.C.D. 365, 4 B.R. 147, 2 C.B.C.2d 80 (Bkrtcy, D.Or.1980); *In re Hoops*, 6 B.C.D. 273, 3 B.R. 635 (Bkrtcy, D.Colo.1980); *In re Rodrock*, 6 B.C.D. 267, 3 B.R. 629 (Bkrtcy, D.Colo.1980). Cases in which bankruptcy courts have found that § 522(f) is constitutional with respect to liens perfected after the enactment date but before the effective date of the Code include: *In re Wells*, 7 B.R. 875 (Bkrtcy, D.Colo.1980); *In re Webber*, 7 B.R. 580 (Bkrtcy, D.Or.1980); *In re Seltzer*, 7 B.R. 80 (Bkrtcy, D.Colo.1980); *In re Head*, 6 B.C.D. 489, 4 B.R. 521, 2 C.B.C.2d 366 (Bkrtcy, E.D.Tenn.1980). In two cases, bankruptcy courts have held that Congress did not intend § 522(f) to apply retroactively to liens perfected before the enactment date of the

Code (but that if it did the section would be unconstitutional): *In re Malpeli*, 7 B.R. 508 (Bkrtcy, N.D.Ill.1980); *In re Pape*, 7 B.R. 443 (Bkrtcy, N.D.Fla.1980).

**6.** *See contra In re Malpeli* and *In re Pape* cited in note 5 *supra*.

**7.** In passing § 522(f)(2), Congress explained:

Frequently, creditors lending money to a consumer debtor take a security interest in all of the debtor's belongings and obtain a waiver by the debtor of his exemptions. In most of these cases, the debtor is unaware of the consequences of the forms he signs. The creditor's experience provides him with a substantial advantage. If the debtor encounters financial difficulty, creditors often use threats of repossession of all the debtor's household goods as a means of obtaining payment.

In fact, were the creditor to carry through on his threat and foreclose on the property, he would receive little, for household goods have little resale value. They are far more valuable to the creditor in the debtor's hands, for they provide a credible basis for the threat, because the replacement costs of the

The elimination by Congress of that weapon of financial vexation by creditors is not, we conclude, the deprivation of property without due process. While it is true that Congress may not deprive a person of his property without due process, Congress may affect the remedies and other rights of a party to a contract. As stated by the bankruptcy court in *In re Hill*, 4 B.R. 310 (N.D.Ohio 1980):

> The due process clause does not prohibit bankruptcy legislation affecting the creditor's remedy for its enforcement against the debtor's assets, or the measure of the creditor's participation therein, if the statutory provisions are consonant with a fair, reasonable, and equitable distribution of those assets. *Kuehner v. Irving Trust Co.*, 299 U.S. 445 at 452, 57 S.Ct. 298 at 301, 81 L.Ed. 340 (1937). For the provisions of the Bankruptcy Act to violate the Fifth Amendment they must be so grossly arbitrary and unreasonable as to be incompatible with fundamental law. *Hanover*, supra, 186 U.S. at 192, 22 S.Ct. at 862; See also: *Campbell v. Alleghany Corp.*, 75 F.2d 947 at 953 (4th Cir. 1935).

*Id.* at 314–15. In *Campbell v. Alleghany Corp.*, 75 F.2d 947 (1935), the United States Court of Appeals for the Fourth Circuit ruled that while

> [A]ny exercise of the bankruptcy power impairs the obligation of contracts, such impairment is not to be taken as in itself a denial of due process. For the provisions of the act to violate the amendment, they must be so grossly arbitrary and unreasonable as to be "incompatible with fundamental law." *Hanover Nat. Bank v. Moyses*, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113 (1901).

*Id.* at 953.

We conclude that § 522(f)(2) of the Code is not "so grossly arbitrary and unreasonable as to be incompatible with fundamental law." *Id.* That section was created by Congress to remedy a specific abuse by creditors and supports the basic purpose of the bankruptcy laws to provide the debtor and his family with a fresh start in life. As such it is within the constitutional power of Congress to pass uniform laws in bankruptcy. We will, therefore, grant the debtors' complaint to avoid G.E.C.C.'s lien on the debtors' household goods.

---

goods are generally high. The creditors rarely repossess, and debtors, ignorant of the creditors' true intentions, are coerced into payments they simply cannot afford to make.

The secured creditor is able to deprive a debtor of even the most insignificant household effects, including furniture, cooking utensils, and clothing, even though the items have little if any realizable market value. However, the goods do have a high replacement cost, and thus the creditor is able to use the threat of repossession, rarely carried out, to extract more than he would be able to if he did foreclose or repossess.

The exemption provision allows the debtor, after bankruptcy has been filed, and creditor collection techniques have been stayed, to undo the consequences of a contract of adhesion, signed in ignorance, by permitting the invalidation of nonpurchase money security interests in household goods. Such security interests have too often been used by overreaching creditors. The bill eliminates any unfair advantage creditors have.
H.R.Rep.No.95–595, 95th Cong. 1st Sess. 126–27 (1977), *reprinted in* [1978] U.S.Code Cong. & Ad.News 5787, 6087–88.