**In re Robert KOCHER and Bonnie Kocher, Debtors.**

**Robert and Bonnie KOCHER, Plaintiff,**

**v.**

**AMERICAN BANK AND TRUST CO., Defendant.**

Bankruptcy No. 80–02718G.

Adv. No. 81–0030G.

United States Bankruptcy Court,
E. D. Pennsylvania.

June 29, 1981.

Angus R. Love, Montgomery County Legal Aid, Norristown, Pa., for plaintiff, debtors, Robert and Bonnie Kocher.

Mark G. Yoder, Reading, Pa., for defendant, American Bank and Trust Co. of Pa.

Leonard P. Goldberger, Kogan & Cogan, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented is whether a judicial lien which arose after the enactment date (November 6, 1978) but before the effective date (October 1, 1979) of the Bankruptcy Code ("the Code") may be avoided by the debtors pursuant to § 522(f) of the Code. We conclude that § 522(f) is constitutional as applied to such a lien and that the debtors may, therefore, avoid it pursuant to that section.

The facts of the instant case are as follows:[1] On or about December 16, 1978, Robert and Bonnie Kocher ("the debtors") entered into an installment sales contract in the principal amount of $5,791.80 with ABC Kitchens, Inc. ("ABC"). On March 23, 1979, ABC assigned that contract to American Bank and Trust Co. of Pa. ("the Bank"). On May 14, 1979, the Bank confessed judgment against the debtors in the amount of $5,791.80 and thereby obtained a judgment lien on the real property owned by the

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

debtors and located in Montgomery County (namely, the property located at 17 Fox Road, Collegeville, Pennsylvania). On October 23, 1980, the debtors filed a petition for relief under chapter 7 of the Code. On January 13, 1981, the debtors filed the instant complaint, pursuant to § 522(f) of the Code, seeking to avoid the judgment lien held by the Bank on the debtors' real property asserting that that lien impairs the exemption in that property to which they are entitled under § 522(b). The Bank answered by admitting all of the factual allegations of the complaint but asserting that, nonetheless, § 522(f) of the Code may not be used to avoid a lien created in the "gap period" between the enactment and effective dates of the Code.

We conclude that the lien in question fits squarely within the provisions of § 522(f) and that the avoidance of that lien pursuant to that section is not unconstitutional. *In re Natale*, 5 B.R. 454 (Bkrtcy.E.D.Pa. 1980), we held that a lien obtained by a confession of judgment was a "judicial lien" within the meaning of § 522(f)(1) and was, therefore, avoidable under that section. The Bank has suggested no reason for us to change our decision in *Natale*. Consequently, we find that the lien of the Bank herein is a judicial lien and may be avoided under § 522(f)(1).

With respect to the Bank's argument that § 522(f) may not be used to avoid a lien created in the "gap period", we agree with the argument, advanced by the Bank in its brief, that a creditor with a gap lien should not be treated differently than a creditor with a lien created before the gap period (i. e., before the enactment date of the Code). However, we disagree with the Bank's conclusion that both gap and pre-gap liens may not be avoided under § 522(f).

In *In re Paden*, 10 B.R. 206 (Bkrtcy.E.D. Pa.1981), we held that § 522(f) of the Code *is constitutional* as applied to a nonpossessory, nonpurchase-money security interest in household goods that was created prior to the enactment date of the Code (a pre-gap lien). We conclude that the analysis and conclusion in *Paden* is equally applicable to

a judicial lien under § 522(f)(1) as to a nonpossessory, nonpurchase-money security interest in household goods under § 522(f)(2) and is equally applicable to a gap period lien as to a pre-gap lien. Consequently, we conclude that the debtors herein may avoid the Bank's lien pursuant to § 522(f)(1).