**In re Thomas J. RYAN, Ethel Ryan, Debtors.**

**Bankruptcy No. 80–00123G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

July 2, 1981.

Irwin Trauss, Philadelphia, Pa., for debtors, Thomas J. Ryan and Ethel Ryan.

Sheldon C. Jelin, Wollman & Tracey, Philadelphia, Pa., for Provident Consumer Discount Co.

Jonathan H. Ganz, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether a judicial lien and a nonpossessory, nonpurchase-money security interest in household goods, both of which arose prior to the enactment date of the Bankruptcy Code ("the Code"), may

be avoided by the debtors pursuant to § 522(f) of the Code. We conclude that § 522(f) is constitutional as applied to pre-enactment liens and the debtors may therefore avoid those liens pursuant to that section.

The facts of the instant case are as follows:[1] Sometime in 1977, Thomas J. and Ethel Ryan ("the debtors") entered into a loan transaction with Provident Consumer Discount Company ("Provident") by which the debtors granted to Provident a nonpossessory, nonpurchase-money security interest in certain of their household goods. Thereafter, when the debtors defaulted on that loan, Provident instituted suit and obtained a judgment thereon against the debtors. Provident then levied on the personal property of the debtors effecting a judicial lien thereon.

On January 16, 1980, the debtors filed a petition for relief under chapter 7 of the Code and on January 30, 1981, they filed an application to avoid several liens on the property which they had claimed as exempt. Among the liens which the debtors sought to avoid were the three held by Provident: (1) the nonpossessory, nonpurchase-money security interest in household goods, (2) the judgment lien on the debtors' real property and (3) the execution lien on the debtors' personal property. Provident objected to the avoidance of those liens.

Provident admits that the above three liens fit within the provisions of § 522(f)[2] but asserts that that section is unconstitutional as applied to Provident's liens which were created prior to the enactment date of the Code[3] because to so apply it would be a deprivation of property without due process in violation of the Fifth Amendment to the Constitution.[4] We do not agree with Provident's contentions. In *In re Paden*, 10 B.R. 206 (Bkrtcy. E.D. Pa. 1981), we held that the application of § 522(f)(2) to pre-enactment liens was not an unconstitutional deprivation of property without due process because that section was not so grossly arbitrary and unreasonable as to be "incompatible with fundamental law." *Hanover Nat'l Bank v. Moyses*, 186 U.S. 181, 192, 22 S.Ct. 857, 862, 46 L.Ed. 1113 (1901).

We conclude that the same analysis applies herein to § 522(f)(1) as well as § 522(f)(2) and that neither subsection is so grossly arbitrary and unreasonable as to be "incompatible with fundamental law." Consequently, we conclude that Provident's liens may be avoided by the debtors herein.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Section 522(f) states in relevant part:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor. . . .

11 U.S.C. § 522(f).

3. The enactment date of the Code was November 6, 1978. Provident's liens were all created prior thereto.

4. The Fifth Amendment to the Constitution provides that "No person. . . shall. . . be deprived of life, liberty or property without due process of law." U.S.Const. Amend. V.