In re David MARLEY, a/k/a, David Marley, Jr. and Carol Marley, Debtors.

David MARLEY, a/k/a, David Marley, Jr. and Carol Marley, Plaintiffs,

v.

INDUSTRIAL VALLEY BANK AND TRUST COMPANY, Defendant.

Bankruptcy No. 80–02574G.
Adv. No. 81–0396G.

United States Bankruptcy Court,
E. D. Pennsylvania.

July 2, 1981.

---

Henry Wessel, Wessel & Carpel, Philadelphia, Pa., for debtors/plaintiffs, David Marley a/k/a David Marley, Jr. and Carol Marley.

Peter M. McGonigle, Philadelphia, Pa., for defendant, Industrial Valley Bank and Trust Co.

Leo F. Doyle, Philadelphia, Pa., Trustee.

## MEMORANDUM OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

We are confronted by the constitutional issue of whether a judicial lien which arose prior to the enactment date of the Bankruptcy Code ("the Code") may be avoided by the debtors pursuant to § 522(f) of the Code. We conclude that § 522(f) is constitutional as applied to the lien herein and the debtors may, therefore, avoid it pursuant to that section.

The facts of the instant case are as follows:[1] In June of 1978 the Industrial Valley Bank and Trust Company ("IVB") obtained a judgment against David and Carol Marley ("the debtors") in the amount of $5,953.68 which has been reduced to $1,238.20 (plus interest at the rate of 6% per annum). The recording of that judgment effected a lien on the real property located at 5824 N. 13th Street, Philadelphia, Pennsylvania, which is owned by the debtors and used by them as a residence.

On October 16, 1980, the debtors filed a petition for relief under chapter 7 of the Code and claimed as exempt under § 522(d)(1)[2] their equity in the above property. On that date the property was worth $17,000.00 and the balance on the first mortgage was $12,126.57. On April 21, 1981, the debtors filed the instant complaint seeking to avoid the above judgment lien held by IVB. IVB answered the complaint admitting the above and asserting, in defense, that § 522(f) could not be applied retroactively to its lien which was created prior to the enactment date of the Code (November 6, 1978).

We conclude that the instant case is governed by our decision in *In re Paden*, 10 B.R. 206 (Bkrtcy. E.D. Pa. 1981) in which we held that § 522(f) did apply to liens created prior to the enactment date of the Code and that as so applied that section was constitutional. Consequently, we will grant the debtors the relief requested in their complaint and order that the lien of IVB is avoided.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Section 522(d)(1) permits a debtor to exempt up to $7,500 of his interest in real property. Section 522(m) entitles each debtor in a joint case to his exemptions under that section.