In re John H. BURKHOLDER and Carol Ann Burkholder, husband and wife, jointly and individually, Debtors.

John H. BURKHOLDER and Carol Ann Burkholder, Plaintiffs,

v.

AVCO FINANCIAL SERVICES CONSUMER DISCOUNT, Defendant.

Bankruptcy No. 80–00303T(7).
Adv. No. 80–0219.

United States Bankruptcy Court,
E. D. Pennsylvania.

July 17, 1981.

---

**586**

Jacques H. Geisenberger, Jr., Lancaster, Pa., for debtors.

Norman M. Yoffe, Harrisburg, Pa., for defendant.

OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This case presents for decision[1] the issue of whether, pursuant to 11 U.S.C. § 522(f)(2) (1979),[2] debtors may avoid a nonpossessory, nonpurchase-money security interest obtained prior to the effective date of the Bankruptcy Code. For reasons hereinafter given, we conclude debtors may avoid the lien of the security interest to the extent it impairs their exemptions.

Debtors filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. §§ 101–1330; hereinafter, the Code) on February 14, 1980. In the accompanying schedules, debtors claimed as exempt certain items of personal property pursuant to 11 U.S.C. § 522(d) (1979). Those items, exclusively household goods, are covered by a nonpossessory, nonpurchase money security interest in favor of AVCO Financial Services Consumer Discount [hereinafter AVCO.] Subsequently, debtors filed a complaint to avoid AVCO's security interest to the extent that lien impaired the debtors' exemption in the household goods. AVCO answered that their lien was paramount to the debtors' claimed exemption because their lien was obtained prior to the effective date of the Code. Specifically, AVCO contends that the Bankruptcy Code may constitutionally act prospectively only, and may not invalidate liens created prior to the effective date of the Code.

Recently, this court addressed the issue of the constitutionality of the retroactive application of Section 522(f)(1). In the case of

---

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bakruptcy Procedure.

2. Section 522(f)(2) of the Bankruptcy Code provides:
 (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled un-

der subsection (b) of this section, if such lien is—
 (2) a nonpossessory, nonpurchase-money security interest in any—
 (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

*In re Burkholder,* (Bkrtcy. E.D. Pa. 1981), 11 B.R. 346, we held that Section 522(f)(1) could be constitutionally applied to avoid a judicial lien created prior to the enactment date of the Code. In that opinion we distinguished the Tenth Circuit's decision of *In re Rodrock,* 642 F.2d 1193 (10th Cir. 1981), which held that Section 522(f) could not be constitutionally applied to avoid liens created prior to the enactment of the Code. The factual distinction which permitted us to contrast the *Rodrock* decision in *Burkholder* is not available to us here; nonetheless, we cannot now accept *Rodrock* as controlling or persuasive.

We find the reasoning expressed in *In re Paden,* 10 B.R. 206, 4 C.B.C.2d 270 (Bkrtcy. E.D. Pa. 1981) to be more persuasive and illustrative of our own interpretation of the Code's exemption provisions. In *Paden,* our colleague Judge Goldhaber stated,

> The purpose of Congress in enacting § 522(f)(2), and in providing for its retro-active application, was to give the debtor a fresh start and to protect the debtor and his family from the unfair advantage which it found many creditors had over the debtor. Congress concluded that frequently creditors lending money to a consumer debtor took a security interest in all of the debtor's household goods. Their purpose in doing so, Congress found, was not to have property against which to execute in the event the debtor would default, but to be able to threaten the debtor with an execution in order to obtain repayment. The legislative history which accompanied the passage of the Code bears clear testimony that it was such harassment that Congress meant to stop with § 522(f)(2).

*In re Paden,* 10 B.R., at 208; 4 C.B.C.2d, at 273. (Footnote omitted.)

Moreover, acts of Congress are to be presumed constitutional unless clearly shown to be so grossly unreasonable or arbitrary as to be inconsistent with fundamental law. *Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976); *Campbell v. Allegheny Corp.,* 75 F.2d 947 (4th Cir. 1935). Not every loss of, nor injury to, property requires constitutional protection. *Armstrong v. United States,* 364 U.S. 40, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960).

In view of the presumption of constitutionality and the persuasive reasoning of *In re Paden, supra,*[3] we conclude that Section 522(f) is not so grossly unreasonable or arbitrary as to be inconsistent with fundamental law; we believe the section is constitutional, as applied. Congress has provided for a viable fresh start for the debtors by protecting from the creditors' clutches certain items of personal property necessary to a basic standard of living. We believe this to be a reasonable exercise of Congressional power.

The debtors' application to avoid the lien of AVCO to the extent it impairs their exemption is granted.

---

**3.** *See also, In re Fisher,* 6 B.R. 206, 2 C.B.C.2d 1335 (Bkrtcy.N.D.Ohio 1980).