In re E. David **JONES** and Charlene Jones, Debtors,

E. David **JONES** and Charlene Jones, Plaintiffs,

v.

Arthur T. **McWILLIAMS, Trustee, Budd Workers Federal Credit Union Chalfont-New Britain Twp. Sewer Authority Philadelphia National Bank Borough of Chalfont and Sears, Roebuck & Co., Defendants.**

Bankruptcy No. 81–00895K.
Adv. No. 80–0531K.

United States Bankruptcy Court,
E. D. Pennsylvania.

Sept. 9, 1981.

Richard Hale Pratt, Doyleston, Pa., for plaintiffs/debtors.

James W. Pearson, Jr., Philadelphia, Pa., James W. Tracey, III, Philadelphia, Pa., for Budd Workers Federal Credit Union.

Arthur T. McWilliams, Philadelphia, Pa., (Trustee).

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue presented by this case is whether the lien of Budd Workers Federal Credit Union (hereinafter Budd) can be avoided by the debtors as a judicial lien subject to Title 11 U.S.C. § 522(f)(1). The lien was obtained by confession of judgment, however, the defendant argues that this lien is a purchase money security interest, in nature, and not a judicial lien. If this allegation is correct, the lien is not subject to the avoidance provisions of the Bankruptcy Code.

The Court finds that this lien is a judicial lien which may be avoided pursuant to § 522(f)(1).[1]

The following facts set forth the transaction between Budd and the debtors. On March 6, 1978, the debtors applied to Budd for a $15,000 loan. On March 9, 1978, the debtors signed a note which contained a confession of judgment clause. On April 10, 1978, the debtors purchased real property located at 112 Fairview Avenue, Chalfont, Pennsylvania. Provident National Bank advanced funds for this purchase and took back a first mortgage on the property. Funds provided by Budd were also used in the purchase of this property. On October 16, 1978, Budd confessed judgment against the debtors and the lien was recorded in Bucks County. The Bankruptcy petition was filed on March 12, 1981.

Budd alleges that it possesses a purchase money security interest because the transaction taken as a whole was intended to provide the debtors with funds to purchase the property. The debtors, on the other hand, claim that this interest of Budd is a judicial lien subject to avoidance under § 522(f)(1).[2] If the lien is a security interest, as alleged by Budd, it could not be so avoided.

■ The legislative history of the Bankruptcy Code (House Report 95–595 and Senate Report 989, U.S.Code Cong. & Admin. News, 1978, p. 5787) clearly indicates that there are three (3) mutually exclusive categories of liens.[3] A security interest is defined by the Code as a "lien created by agreement."[4] Budd argues that the lien in this case was contemplated by the parties and that the debtors entered the transaction with a complete understanding that a lien was to be placed on the property; and therefore, Budd's lien is a security interest.

■ This allegation is faulty in two (2) respects. The lien on this property was not created by agreement between the parties but rather by the recording of the confession of judgment in the office of the prothonotary. Furthermore, this alleged security agreement would not be sufficient to create a U.C.C. Article Nine security interest.[5] A security interest, to be valid and enforceable, must contain an adequate description of the collateral.[6] The note signed by the debtors does not contain a description of the collateral, although space is provided on the form, nor does any other document in the transaction between Budd and the debtors contain such a description.[7] Therefore, the Court finds that this lien cannot be a purchase money security interest.

■ Judicial lien is defined, under the Code, as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."[8] Several cases from this district have considered the issue of whether a lien obtained by confession of

---

1. This Opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 752.

2. 11 U.S.C. § 522(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
    (1) a judicial lien.

3. In general, the concept of lien is divided into three kinds of liens: judicial liens, security interests, and statutory liens. *Those three categories are mutually exclusive* and are exhaustive except for certain common law

liens. (emphasis added) [1978] *U.S.Code Cong. & Ad.News*, 5811, 6269.

4. 11 U.S.C. § 101(37).

5. Pa.Stat.Ann. tit. 12A, §§ 9–101 et seq. (Purdon).

6. Pa.Stat.Ann. tit. 12A, § 9–203. (Purdon). See also *In re Bollinger Corp.*, 614 F.2d 924 (3rd Cir. 1980).

7. Plaintiff's Exhibit 3.

8. 11 U.S.C. § 101(27).

**948**

judgment is a judicial lien within this definition. All have concluded that such a lien is a judicial lien. *See: In re Natale*, 5 B.R. 454 (Bkrtcy.E.D.Pa.1980); *In re Porter*, 7 B.R. 356 (Bkrtcy.E.D.Pa.1980); *In re Kocher*, 12 B.R. 126 (Bkrtcy.E.D.Pa.1981); *In re Griggs*, 12 B.R. 443 (Bkrtcy.E.D.Pa.1981). Therefore, this Court finds the lien of Budd to be a judicial lien as defined by § 101(27) of the Bankruptcy Code.

Such a lien may be avoided to the extent that it impairs an exemption to which the debtors would otherwise be entitled.[9] A value must be assigned to the subject property before any exemption can be calculated.

Evidence, introduced at trial, showed the value of the property to be between $53,700 and $55,000. The Court, for the purposes of this action, finds the fair market value of the property to be $54,000. The first mortgagee is due approximately $40,000, which leaves a remaining equity in the property of $14,000. The debtors claimed only $9,000 as exempt on schedule B–4 of their Schedules, apparently because they valued the property at $48,000 on Schedule B–1 of their Chapter 7 petition. If the debtors were to amend their schedules to include the full exemption provided by § 522(d)(1), the entire lien of Budd could be avoided.

Therefore, the debtors will be granted an appropriate time to amend their schedules.[10] If the schedules are not amended within the prescribed period, the exemption will be fixed at $9,000. There will remain $5,000 (approximately) to which the lien of Budd will attach. Insofar as the lien impairs the exemption, it must be avoided.

The constitutionality of § 522(f)(1) has also been attacked by Budd on the grounds that it is an ex post facto law because liens which arose prior to the enactment of the Bankruptcy Code may be avoided. In the case of *In re Paden*, 10 B.R. 206 (Bkrtcy.E.D.Pa.1981), Judge Goldhaber found that retroactive application of § 522(f)(2) was not unconstitutional. This Court agrees with the analysis expressed in that opinion and perceives no reason § 522(f)(1) should be treated any differently from § 522(f)(2). Another recent decision of Judge Goldhaber, *In re Kocher, supra*, found § 522(f)(1) constitutional as applied to a confession of judgment lien. The Court in *Kocher* stated that "... the analysis and conclusion in *Paden* is equally applicable to a judicial lien under § 522(f)(1) ...." Therefore, this Court finds § 522(f)(1), as applied in this case, to be constitutional.

---

**9.** See note 2.

**10.** See Bankruptcy Rule 110.