In re Ida B. BAKER, Debtor.

In re Doris Amber REYNOLDS, Debtor.

In re Bradley E. FARRELL, and Robin G. Farrell, Debtors.

In re Steven C. RICE and June R. Rice, Debtors.

Ida B. BAKER, Plaintiff,

v.

GFC CORPORATION OF MISSOURI, Defendant.

Doris Amber REYNOLDS, Plaintiff,

v.

GFC CORPORATION OF MISSOURI, Defendant.

Bradley E. FARRELL, and Robin G. Farrell, Plaintiffs,

v.

GFC CORPORATION OF KANSAS, Defendant.

Steven C. RICE and June R. Rice, Plaintiffs,

v.

GFC CORPORATION OF MISSOURI, Defendant.

Bankruptcy Nos. 80–00249–3, 80–0069–1, 80–00869–1–13 and 79–01684–3.

United States Bankruptcy Court, W. D. Missouri, W. D.

March 19, 1981.

---

**126**

F. Coulter deVries, Kansas City, Mo., for Ida B. Baker debtor/plaintiff.

Joseph H. Ernst, Independence, Mo., for Doris Amber Reynolds debtor/plaintiff.

John R. Stonitsch, Kansas City, Mo., for Bradley E. & Robin G. Farrell debtors/plaintiffs.

Daniel C. Hall, Kansas City, Mo., for Steven C. & June R. Rice debtors/plaintiffs.

Robert D. Schollars, Kansas City, Mo., for GFC Corp. creditor/defendant.

Before FRANK P. BARKER, Jr., Chief Judge, and DENNIS J. STEWART and JOEL PELOFSKY, Bankruptcy Judges, sitting en banc.

ORDER PARTIALLY VACATING ORDER FINDING STATUTE CONSTITUTIONAL AS TO LIENS VESTING PRIOR TO EFFECTIVE DATE OF THE BANKRUPTCY REFORM ACT OF 1978

On July 31, 1981 this Court *en banc* upheld the constitutionality of 11 U.S.C. § 522(f) when applied retroactively to liens vesting prior to October 1, 1979 (the effective date of the new Bankruptcy Code). This ruling was based on our conclusion that Congress intended for the statute to be applied retroactively, that no appellate court had ruled at that time on the question and the strong presumption accorded the constitutionality of an act of Congress. We specifically stated that "when the issue of constitutionality is in doubt, the trial court should resolve any doubts in favor of constitutionality". *Matter of Baker*, 5 B.R. 397, 400 (Bkrtcy.W.D.Mo.1980).

On March 2, 1981 the Tenth Circuit Court of Appeals ruled that § 522(f) is unconstitutional when applied to liens vesting prior to *November 6, 1978*, (the date of enactment of the Bankruptcy Code). *Rodrock v. Security Industrial Bank*, 642 F.2d 1193 (10th Cir. 1981). The judges of this Court agree as stated by District Judge Sachs in *Matter of Lovett*, 11 B.R. 123 (W.D.Mo.1981) that *Rodrock* is "sufficiently authoritative and persuasive" to overrule *Baker* insofar as it applies to liens vesting prior to the date of enactment of the Code. Accordingly, it is

ORDERED, that 11 U.S.C. § 522(f) is held to be unconstitutional when applied to liens vesting prior to November 6, 1978, but constitutional as applied to liens vesting subsequent to that date.