**In re Samuel CARROLL and Evy L. Carroll, Debtors.**

**HOUSEHOLD FINANCE CORPORATION, Plaintiff,**

**v.**

**Samuel CARROLL and Evy L. Carroll, Defendant.**

Bankruptcy No. 880–04071–20.
Adv. No. 880–04071.

United States Bankruptcy Court, E. D. New York, at Westbury.

May 6, 1981.

Mark Rosenberg, Patchogue, N. Y., for defendants.

Holland & Zinker, Smithtown, N. Y., for plaintiff.

ROBERT JOHN HALL, Bankruptcy Judge.

### I.

In February, 1977, prior to the filing of the instant Chapter 7 petition and prior to the enactment of the Bankruptcy Reform Act of 1978, the debtors entered into a loan agreement with Household Finance Corporation (hereinafter "plaintiff"), in which the debtors granted plaintiff a security interest in certain household goods of the debtors (hereinafter referred to as the "collateral"). Thereafter, the debtors defaulted under the loan agreement. On July 17, 1980, the debtors filed a petition under Chapter 7 of the Bankruptcy Code.[1] Subsequent to the filing of the petition, plaintiff commenced an adversary proceeding seeking relief from the automatic stay, *see* 11 U.S.C. § 362(d); Fed.R.Bankr.P. 701, so that it could repossess the collateral.

### II.

The debtors contend that as the lien on the collateral can be avoided under 11 U.S.C. § 522(f), the court should deny plaintiff's request for relief from stay. Thus,

the issue before this Court is whether the debtors can avoid the plaintiff's nonpossessory, nonpurchase-money security interest in household furnishings and goods.

11 U.S.C. § 522(f) provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

*Id.* The debtors argue that as plaintiff's lien falls within this subsection it may be avoided. The plaintiff, however, contends that the avoidance of its valid, perfected security interest in the collateral, which arose prior to the enactment of the Bankruptcy Reform Act of 1978, would deprive the plaintiff of its rights under the Fifth Amendment.

The debtors rely on Judge Bernard's decision in *U. S. Credit Corporation v. Steinart (In re Steinart)*, 4 B.R. 354 (Bkrtcy.W.D.La. 1980), as supportive of their position. In *Steinart*, the parties entered into a security agreement *after* the enactment of the Bankruptcy Reform Act of 1978, but prior to the effective date thereof.[2] Under those circumstances Judge Bernard held that the

---

1. The filing of a petition operates as a stay of any act to enforce any lien against property of the estate or the debtor, 11 U.S.C. § 362(a)(4), (5).

2. Bankruptcy Code § 522(f) because effective on October 1, 1979, *see* Bankruptcy Reform Act of 1978 § 402.

creditor's lien could be affected by section 522(f).

> [T]his court holds that the security agreement would be rendered unenforceable or impaired in value, due to the Constitutional power of Congress, was impliedly written into the contract between the debtor and the plaintiff.

*Steinart,* 4 B.R. at 358.

There is no constitutional bar to applying section 522(f) to the circumstances extant in *Steinart.* As applied to the facts in *Steinart,* section 522(f) does not deprive a secured creditor of his rights. Rather, it defines creditor's rights, to wit, that when a creditor perfects his security interest after the enactment of the Bankruptcy Reform Act, his rights against a debtor who files a bankruptcy petition on or after October 1, 1979, are those given to him under state law qualified by section 522(f). *Cf. Ogden v. Saunders,* 25 U.S. (12 Wheat.) 213, 6 L.Ed. 606 (1827) (state insolvency law, which discharged debtor from all future responsibilities entered into after the passage of the law, did not violate the Contract Clause). In the instant case, however, the plaintiff perfected his lien prior to the enactment of the Bankruptcy Reform Act. Thus, his rights, which vested prior to the enactment of the Bankruptcy Reform Act, are not qualified by section 522(f). Application of section 522(f)(2) in the instant case would *deprive* the plaintiff of his vested property rights in violation of the Fifth Amendment. Accordingly, the debtors' reliance on *Steinart* is misplaced.

▮ Plaintiff's contention that the application of section 522(f) to the case at bar would deprive him of his constitutional rights is grounded on that part of the Fifth Amendment which provides:

> Private property [shall not] be taken for public use, without just compensation.

U.S.Const. Amend. V. The bankruptcy power, like other substantive powers which the Constitution grants to Congress, is subject to the Fifth Amendment, *see Louisville*

*Joint Stock Land Bank v. Radford,* 295 U.S. 555, 589, 55 S.Ct. 854, 863, 79 L.Ed. 1593 (1935).[3] Congress may not use the bankruptcy power to deprive a creditor of substantive rights in specific property acquired prior the enactment of the Bankruptcy Reform Act of 1978 without providing that creditor with "just compensation." *See Louisville Joint Stock Bank v. Radford,* 295 U.S. 555, 602, 55 S.Ct. 854, 869, 79 L.Ed. 1593 (1935). In *Radford,* the United States Supreme Court enumerated five "important substantive rights" in specific property, the deprivation of which, by applying a bankruptcy statute to mortgages given before the enactment of the statute, deprived a secured creditor of his Fifth Amendment rights. The five substantive rights are:

(1) The right to retain the lien until the indebtedness thereby secured is paid.

(2) The right to realize upon the security by a judicial public sale.

(3) The right to determine when such sale shall be held, subject only to the discretion of the court.

(4) The right to protect its interest in the property by bidding at such sale whenever held, and thus to assure having the mortgaged property devoted primarily to the satisfaction of the debt, either through receipt of the proceeds of a fair competitive sale or by taking the property itself.

(5) The right to control meanwhile the property during the period of default, subject only to the discretion of the court, and to have the rents and profits collected by a receiver for the satisfaction of the debt.

295 U.S. at 594–95, 55 S.Ct. at 865; *Wright v. Vinton Branch of Mountain Trust Bank,* 300 U.S. 440, 457, 57 S.Ct. 556, 559, 81 L.Ed. 736 (1937).

If the debtors are allowed to avoid the plaintiff's valid, perfected security interest in the collateral, obtained prior to the enactment of Bankruptcy Reform Act of 1978, there would be a "complete taking" of the

---

**3.** Congress, unlike the states, is not prohibited from impairing the obligation of contracts. Accordingly, it may discharge a debtor's *personal* obligations. *See Louisville Joint Stock Land Bank v. Radford,* 295 U.S. 555, 589, 55 S.Ct. 854, 863, 79 L.Ed. 1593 (1935).

secured creditor's property interests. It is evident that this "complete taking" would deprive the plaintiff of the five substantive rights enumerated in *Radford* and *Wright, see Rodrock v. Security Industrial Bank,* 642 F.2d 1193, 7 B.C.D. 344, 347 (10th Cir. 1981).

Plaintiff's rights in the collateral vested in February 1977, more than a year and a half prior to November 6, 1978, the enactment date of the Bankruptcy Reform Act of 1978. As neither 11 U.S.C. § 522(f)(2) nor any other section of the Bankruptcy Code provides the plaintiff with "just compensation," section 522(f)(2) may not be applied to deprive plaintiff of its "substantive rights" in the collateral. *See Rodrock v. Security Industrial Bank,* 642 F.2d 1193, 7 B.C.D. 344 (10th Cir 1981).[4]

### Conclusion

Plaintiff's request for relief from stay is granted. Settle Judgment on three (3) days notice.

**4.** Retroactive application of section 522(f) might also violate plaintiff's Fifth Amendment right to due process of law. *See Wright v. Vinton Branch of Mountain Trust Bank,* 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736 (1937). *But cf. Usery v. Turner Elkhorn Mining Company,* 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976) (Due Process Clause posed no bar to retroactive application of the Federal Coal Mine Health and Safety Act of 1969, as amended).

The long-standing principle that a person may not be deprived of vested property rights by "retroactive legislation" was articulated by Justice Story in *Terrett v. Taylor,* 13 U.S. (9 Cranch) 43, 3 L.Ed. 650 (1815).

But that the legislature can repeal statutes creating private corporations, or confirming

to them property already acquired under the faith of previous laws, and by such repeal can vest the property of such corporations exclusively in the state, or dispose of the same to such purposes as they may please, without the consent or default of the corporators, we are not prepared to admit; and we think ourselves standing upon the principles of natural justice, upon the fundamental laws of every free government, upon the spirit and the letter of the constitution of the United States, and upon the decisions of most respectable judicial tribunals in resisting such a doctrine.
13 U.S. (9 Cranch) at 52.