**In re Vernon F. OSBORNE and Linda S. Osborne, Debtors.**

**Vernon F. OSBORNE and Linda S. Osborne, Plaintiffs,**

v.

**ASSOCIATES FINANCIAL SERVICES, and Safeway Finance Corp., Defendants.**

**Bankruptcy No. 80–01167.**
**Complaint No. 81–0041.**

United States Bankruptcy Court, D. South Carolina.

June 1, 1981.

Robert F. Anderson, Columbia, S. C., for plaintiffs.

Sherwood M. Cleveland, Columbia, S. C., for defendants.

William K. Stephenson, Jr., Columbia, S. C., Standing Trustee.

### ORDER OF DISSOLUTION OF LIEN PURSUANT TO § 522(f)

RUFUS W. REYNOLDS, Bankruptcy Judge.

THIS MATTER came before me May 14, 1981, wherein the Debtors/Plaintiffs prayed the Defendant Safeway Finance Corp.'s (hereinafter "Safeway") non-possessory, non-purchase money lien be dissolved pursuant to Section 522(f) of the new Bankruptcy Act enacted November 6, 1978, and effective October 1, 1979. Safeway opposed avoidance of its lien as the security agreement creating the lien came into being on September 6, 1979, and was perfected by filing with the Clerk of Court for Lexington County, South Carolina, on December 12, 1977, prior to the effective date of the Act.

Safeway asserts dissolution of its lien pursuant to Section 522(f) would destroy its property rights in the secured goods and would violate its Fifth Amendment Constitutional rights. I disagree and hold the lien dissolved.

In *Rodrock v. Security Industrial Bank*, 80–1549, U.S. Bankruptcy No. 80–M–0014 and its companion cases decided March 2, 1981, 642 F.2d 1193 (10th Cir. 1981), the Court held Congress intended for the substantive provisions of the Bankruptcy Reform Act such as Section 522(f) to be given retroactive effect in that its statutory provisions govern security interests which came into being prior to the effective date of the Act. The Court also held Section 522(f) cannot be Constitutionally applied to a creditor's security interest which came into being prior to the enactment date of the Reform Act as the creditors had no notice of the Act's provisions. That holding, however, is inapplicable to creditors extending credit subsequent to the effective date, even if the agreement (as in the instant case) was executed prior to the effective date in 1979. All of the security agreements in *Rodrock* and its companion cases were created *prior* to the time the Reform Act was signed into law. Footnote 3 of that opinion notes none of the cases involved a security interest created between the time the Act was signed into law and the time it became effective.

Thus, while there exists a conflict in the case law at the Bankruptcy Court level as to retrospective application, *Rodrock* represents the better reasoned view and I hold Section 522(f) should be applied retroactively prior to October 1, 1979, the Code's effective date. I further hold Safeway's lien be dissolved as it was created *subsequent* to November 6, 1978, and thus its Fifth Amendment rights were not violated as it was aware and had notice of the new Act's provisions. Defendant Safeway Finance Corp.'s argument that the security interest was perfected on December 12, 1977, is without merit as the agreement between the Defendant Safeway Finance Corp. and the Debtors/Plaintiffs did not occur until September 6, 1979, nearly almost one year after the Bankruptcy Reform Act was signed into law. The perfected status of Safeway's security agreement only affected its priority position with regards to third parties but did not affect the relationship of creditor and debtor. Safeway extended credit at its own risk as it was aware of the new Act.

WHEREFORE, IT IS ORDERED the Defendant Safeway's non-possessory, non-purchase money security interest be dissolved.

AND IT IS SO ORDERED.