**In re Rosetta SINGLETON, Debtor.**

**Rosetta SINGLETON, Plaintiff,**

**v.**

**BARCLAY AMERICAN; Blazer Finance Co.; Commercial Credit; World Finance Co., Defendants.**

Bankruptcy No. 80–00803.
Complaint No. 80–0238.

United States Bankruptcy Court,
D. South Carolina.

Oct. 5, 1981.

R. Michael Drose, Charleston, S.C., for plaintiff.

Steven H. Knight, Charleston, S.C., for defendant Commercial Credit.

ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The plaintiff commenced this adversary proceeding under 11 U.S.C. § 522(f)(2) to avoid defendants' nonpossessory nonpurchase-money security interests to the extent that they impair her exemption of household goods. Defendants Barclay America, Blazer Finance Company, and World Finance Company failed to answer the complaint. Defendant Commercial Credit Plan, Inc. answered the complaint contending that the application of 11 U.S.C. § 522(f)(2) to avoid its security interest would violate the Fifth Amendment.[1]

In her complaint and affidavit, plaintiff alleges that in June of 1979 Commercial Credit Plan, Inc. (hereinafter Commercial Credit) acquired a nonpossessory nonpurchase-money security interest in her household goods that now impairs the exemption she claims upon these goods pursuant to 11 U.S.C. § 522(d)(3). The answer of Commercial Credit does not controvert these allegations. The court, therefore, finds that the facts are as alleged in the complaint and affidavit.

The issue presented is whether the application of section 522(f)(2) to avoid a security interest obtained after the enactment of the Bankruptcy Code on November 6, 1978 but prior to its effective date of October 1, 1979 violates the Fifth Amendment.

DISCUSSION

In *In re Glynn*, 13 B.R. 647 (Bkrtcy.1981) and *In re Morris*, 13 B.R. 647 (Bkrtcy.1981) this court held that the application of 11 U.S.C. § 522(f)(2) to avoid security interests created prior to the enactment of the Bankruptcy Reform Act on November 6, 1978 would violate the Due Process Clause of the Fifth Amendment. The holding in the *Glynn* and *Morris* cases does not support the conclusion that the application of section 522(f)(2) to avoid security interests created after the enactment of the Bankruptcy

---

1. "No person shall . . . be deprived of life, liberty, or property, without due process of law . . . ." United States Constitution, Amendment V.

Code, but prior to its effective date, would violate the Fifth Amendment. Rather, the court concludes that after the enactment of the Bankruptcy Code creditors were on notice that nonpossessory nonpurchase-money security interests upon household goods were voidable in subsequent bankruptcy proceedings. Hence, any reliance that Commercial Credit placed upon its security interest was unreasonable and insubstantial, and the avoidance of Commercial Credit's security interest would not effect a substantial impairment of its protected property rights in violation of the Fifth Amendment. The court concurs with the result Judge Reynolds reached in *In re Osborne*, 11 B.R. 610 (Bkrtcy.D.S.C.1981) and holds that the application of section 522(f)(2) to avoid security interests created after November 6, 1978, the date of the enactment of the Bankruptcy Code, does not violate the Fifth Amendment.

IT IS, THEREFORE, ORDERED THAT:

The security interests retained by the defendants are avoided under 11 U.S.C. § 522(f)(2) to the extent said security interests impair the plaintiff's exemption of household goods.