In re Lillian Wynoka MANUEL and David Smith Manuel, Debtors.

Lillian Wynoka MANUEL and David Smith Manuel, Plaintiffs,

v.

BLAZER FINANCIAL SERVICES, INC., Capitol Credit Plan of Augusta and Household Finance Corp. of Augusta, Defendants.

Bankruptcy No. 81–00058.
Complaint No. 81–0062.

United States Bankruptcy Court, D. South Carolina.

Dec. 2, 1981.

Mary J. Wiesen-Kosinski, Aiken, S. C., for plaintiffs.

Louis Saul, Augusta, Ga., for defendant Blazer Financial Services.

### ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The plaintiffs seek the avoidance of the defendants' security interests pursuant to § 522(f)(2)(A) of the Bankruptcy Code (11 U.S.C. § 522(f)(2)(A)).[1] Because the de-

---

1. § 522(f): "Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is * * * (2) a nonpossessory, nonpurchase- money security interest in any—(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; * *."

fendants Household Finance Corporation of Augusta and Capital Credit Plan of Augusta are in default, the avoidance of the lien of the defendant Blazer Financial Services, Inc. (hereinafter "Blazer") is the remaining issue.

## FACTS

On March 2, 1979, the plaintiffs executed security agreements granting Blazer a security interest in their household goods and furnishings. In return, Blazer issued a $1,142.02 check made payable to the plaintiffs and used by them to pay creditors whose accounts did not involve household goods or furnishings. Blazer also issued the following checks: a $327 check payable to the plaintiffs and Hadden Furniture which was used to pay an account opened in September 1977 for the purchase of a television set; a $323 check made payable to the plaintiffs and Hadden Furniture which was used to pay an account opened in February 1978 for the purchase of a stereo and chairs; a $285.28 check payable to the plaintiffs and General Electric Credit Corporation (GECC) which was used to pay an account opened in September 1978 for the purchase of a mattress and frame; a $520 check payable to the plaintiffs and Sears which was used to pay an account opened with Sears for the purchase of household goods prior to the loan from Blazer. The plaintiffs testified that the checks received from Blazer were not used for the purchase of any of the household goods or furnishings claimed as exempt property by the plaintiffs.

On January 19, 1981, the plaintiffs filed a joint petition for relief under Chapter 13 (11 U.S.C. § 1301, *et seq.*) wherein they claimed an exemption in their household goods and furnishings pursuant to 11 U.S.C. § 522(d)(3) [2] because their interest therein did not exceed $200 in any one item.

**2.** § 522(d): "The following property may be exempted under subsection (b)(1) of this section: * * * (3) The debtor's interest, not to exceed $200 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily

## ISSUES

The issues in this case are: (1) whether Blazer's security interest is a nonpurchase-money security interest; (2) whether the application of § 522(f)(2) to avoid a security interest created after the enactment of the Bankruptcy Code on November 6, 1978, but prior to its effective date of October 1, 1979, violates the fifth amendment to the United States Constitution.[3]

## DISCUSSION AND CONCLUSION

### I

S.C.Code § 36–9–107 (1976) states that: "A security interest is a 'purchase money security interest' to the extent that it is * * * (b) taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used." The Code Comment to S.C.Code § 36–9–107 (1976) states:

"2. When a purchase money interest is claimed by a secured party who is not a seller, he must of course have given present consideration. This section therefore provides that the purchase money party must be one who gives value 'by making advances or incurring an obligation': the quoted language excludes from the purchase money category any security interest taken as security for or in satisfaction of a preexisting claim or antecedent debt."

None of the funds advanced to the plaintiffs by Blazer were used to purchase household goods or furnishings, instead, these funds were used either to pay off creditors whose accounts did not involve household goods or furnishings or to pay off previous accounts opened by the plaintiffs with other creditors for the purchase of

for the personal, family, or household use of the debtor or a dependent of the debtor."

**3.** "No person shall * * * be deprived of life, liberty, or property without due process of law * * *." United States Constitution Amendment V.

household goods or furnishings. Since the plaintiffs already had possession of the household goods and furnishings on March 2, 1979, when the security agreement was executed and when Blazer advanced the funds, it is clear that Blazer made no advances nor incurred any obligation which enabled "the debtor to acquire rights in the collateral." S.C.Code § 36–9–107(b) (1976).

The Uniform Commercial Code does not define "present consideration" or "antecedent debt". "However, a fair reading of § 9–107(b) together with the Code Comment to the section indicates that value be given by the creditor more or less contemporaneously with the debtor's acquisition of property which enables the debtor to acquire the property." *In re Brooks*, 29 UCC Rep. 660, 663–664 (Bankr.Ct.D.Maine 1980). *See, Gilmore, The Purchase Money Priority*, 76 *Harvard Law Review* 1333 (1962–1963) at p. 1375; also, *Gilmore, Security Interests in Personal Property*, Vol. II, p. 783.

Blazer's loan did not enable the plaintiffs to acquire rights in or the use of the household goods and furnishings in question, therefore, Blazer does not have a purchase-money security interest; instead it holds a nonpurchase-money security interest in household goods and furnishings which may be avoided pursuant to § 522(f)(2)(A).

## II

This court, in *In re Rosetta Singleton*, 14 B.R. 1007 (Bkrtcy.D.S.C.1981), held that the avoidance of security interests created after November 6, 1978, the date of the enactment of the Bankruptcy Code, did not violate the fifth amendment. Based on this precedent, the plaintiffs may avoid the nonpossessory nonpurchase-money security interest of the defendant Blazer Financial Services, Inc. pursuant to § 522(f)(2)(A).

## ORDER

It is, therefore, ORDERED, ADJUDGED AND DECREED that the plaintiffs have judgment against the defendant Blazer Financial Services, Inc., avoiding the nonpossessory, nonpurchase-money security interest of the defendant to the extent that said

security interest impairs the plaintiffs' exemption of household goods.