In the Matter of Earl Todd HOWERY and Charlotte Rose Howery, Debtors.

Earl Todd HOWERY and Charlotte Rose Howery, Plaintiffs,

v.

AVCO FINANCIAL SERVICES INTERNATIONAL, INC., A Corporation, Defendant.

Bankruptcy No. 80–1145.
Adv. No. 81–26.

United States Bankruptcy Court,
D. Nebraska.

May 26, 1982.

Wilbur C. Smith, Omaha, Neb., for plaintiffs.

Clay M. Rogers, Omaha, Neb., for defendant.

## MEMORANDUM AND ORDER

DAVID L. CRAWFORD, Bankruptcy Judge.

Plaintiffs, debtors in this action, come before the Court on a complaint to avoid fixing of a lien pursuant to § 522(f)(2)(A) of the United States Bankruptcy Code. The facts preceding the filing of this adversary proceeding are these. On May 29, 1980, the debtors filed a petition seeking relief under Chapter 7 of the Bankruptcy Code. A no asset report was filed by the trustee in June of that same year and a discharge was entered October 8, 1980, by the Court. On or about December 31, 1980, the defendant Avco Financial Services International, Inc., (Avco) filed a petition for replevin in the Municipal Court of Omaha, Douglas County, Nebraska, praying for the return of its collateral which secured a validly perfected security interest. An order for replevin was issued by that court in January of 1981 granting to Avco the right to take possession of the debtors' personal property, the subject matter of this action. Approximately one week after the replevin order issued, this adversary proceeding to avoid the fixing of the Avco lien upon the debtors' household goods was filed.

It is the contention of the debtors that § 522(f) of the Bankruptcy Code permits the avoidance of certain consensual non-possessory non-purchase money liens on the debtors' household goods to the extent that such lien impairs an exemption to which the debtor would have been entitled. Additionally, the plaintiffs argue, and this Court has agreed in its decision *In re Hart*, 16 B.R. 78 (Bkrtcy., D.Neb.1981), that the Congressional scheme of fresh start should be read to allow the fullest application of the Bankruptcy Code provisions and that post-discharge use of exemptions through lien avoidance should be permitted.

It is the contention of defendant Avco that the order of discharge entered in October of 1980 by this Court effected a lifting of the automatic stay under § 362, that the subsequent replevin action in Municipal Court was proper, and that that court's order and delivery of household goods to Charles E. Burns, Constable of Municipal Court on February 23, 1981, may not be overturned by later bankruptcy litigation. Avco asserts that the avoidance of a lien under § 522(f) is permissive and requires that parties seeking to avoid liens pursuant to that section affirmatively and timely act to bring themselves under the protection of the statute.

A variety of factors in this case mandate my decision in favor of the defendants. Section 362(c)(2)(C) provides that the automatic stay continues in a Chapter 7 case until the time a discharge is granted or denied. Discharge in this instance occurred in October of 1980. Accordingly, the automatic stay had been lifted and the creditor was free to pursue its cause of action in a court of competent jurisdiction. This Avco did in its replevin action in Municipal Court. Final judgment having been entered in that lawsuit, the debtor is precluded by *res judicata* from collaterally attacking any issue which was or could have been determined by the outcome of that trial. An issue litigated in the state court was the right to possession. The right to avoid the lien which would destroy Avco's right to possession could have been raised as a defense. It was not. The debtors are, therefore, precluded here from raising the issue of whether or not Avco is entitled to replevin, at least at this time. Accordingly, it is

ORDERED that the plaintiffs/debtors' motion for summary judgment be, and hereby is, denied and it is further

ORDERED that the plaintiffs' complaint to avoid fixing of a lien be, and hereby is, denied.